UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Plaintiff,

      v.                    Case Number 2:21-CV-11489
                            HON. GEORGE CARAM STEEH

GOOGLE LLC, et. al.,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter is before the Court on plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Muskegon Correctional Facility in Muskegon, Michigan. The complaint is dismissed with prejudice, because the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

Plaintiff has paid the entire filing fee of $350.00, plus the $52.00 administrative fee, rendering inapplicable this Court's authority to screen his complaint for frivolity or maliciousness pursuant to a portion of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2). However, the Court has an initial and continuing obligation under Fed. R. Civ. P. 12(b)(1)

to review and dismiss cases in which the Court lacks subject matter jurisdiction.  Because the Court finds that plaintiff's claims are devoid of merit or no longer open to discussion, the Court will *sua sponte* dismiss the complaint for lack of subject matter jurisdiction.

A federal district court's authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those prisoner complaints that are filed *in forma pauperis*. *Benson v. O'Brian*, 179 F. 3d 1014, 1015 (6th Cir. 1999).  Plaintiff did not file his complaint in this case as an indigent, but paid the filing fee and did not seek *in forma pauperis* status.  As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn,* 183 F. 3d 477, 479 (6th Cir. 1999).

However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson*, 179 F. 3d at 1017.  Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which

relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F. 3d at 479 (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(*citing Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable

basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. COMPLAINT

Plaintiff claims that the various defendants have defamed his character by placing false information about him on various websites dedicated to exposing "liars, cheaters, or bastards." Plaintiff also claims that these defendants have conspired with various defendants working in the Michigan Department of Corrections (M.D.O.C.) to place false information on the entry for plaintiff's convictions on the M.D.O.C.'s Offender Tracking Information System (OTIS). Plaintiff seeks monetary damages.

## III. DISCUSSION

Plaintiff claims that the defendants have defamed his character. "Absent a further injury, such as loss of a government job or loss of a legal right or status, defamation, by itself, does not constitute a remediable constitutional claim." *Voyticky v. Vill. of Timberlake, Ohio,* 412 F.3d 669, 677 (6th Cir. 2005)(citing *Paul v. Davis*, 424 U.S. 693, 701–03 (1976); *Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993)).

Plaintiff does not allege any injury other than being defamed other than the alleged placement of false information on OTIS. Plaintiff, however, does not offer any argument as to how the erroneous placement of the number of convictions on OTIS has adversely affected him. To the extent that this information may have affected his security level, a prisoner has no right to be given a particular security level, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), nor does a prisoner have a constitutional right to placement in a particular prison. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). The use of false or inaccurate information to increase a prisoner's security level thus fails to state a claim upon which relief can be granted. *See Johnson v. CCA-Ne. Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332–33 (6th Cir. 2001). Plaintiff is not entitled to relief on his claim.

## IV. ORDER

Accordingly, it is **ORDERED** that the complaint (ECF No. 1) is **DISMISSED for failing to state a claim upon which relief can be granted**.

The Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: July 27, 2021

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 27, 2021, by electronic and/or ordinary mail and also on Derrick Lee Smith #267009, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Leanne Hosking
Deputy Clerk